# UNITED STATES DISTRICT COURT
**District of New Mexico**

| UNITED STATES OF AMERICA | Judgment in a Criminal Case |
|---|---|
| V. | |
| **Ira Lewis Lewellen** | (For Offenses Committed On or After November 1, 1987) |
| | Case Number: **1:11CR01524-001JB** |
| | USM Number: **62430-051** |
| | Defense Attorney: **Charles Fisher, Appointed** |

THE DEFENDANT:

☒ pleaded guilty to count(s) **Indictment**
☐ pleaded nolo contendere to count(s)  which was accepted by the court.
☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count Number(s)* |
|---|---|---|---|
| 21 U.S.C. Sec. 841(b)(1)(C) | Possession with Intent to Distribute of Cocaine | 05/22/2011 | |

The defendant is sentenced as provided in pages 2 through **6** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count .
☐ Count   dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**April 25, 2012**
Date of Imposition of Judgment

**/s/ James O. Browning**
Signature of Judge

**Honorable James O. Browning**
**United States District Judge**
Name and Title of Judge

**May 15, 2012**
Date Signed

Defendant: **Ira Lewis Lewellen**
Case Number: **1:11CR01524-001JB**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **339 days or time served, whichever is less** .

**The Court incorporates by reference its Sealed Memorandum Opinion and Order, filed May 15, 2012 (Doc. 12)("MOO"). Defendant Ira Lewis Lewellen, pursuant to a Plea Agreement, filed December 2, 2011 (Doc. 51), pled guilty to the Indictment, filed June 7, 2011 (Doc. 10), charging him with a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), that being possession with intent to distribute cocaine. The Plea Agreement stipulates "that a sentence at the low end of the guideline range is appropriate in this case." Plea Agreement ¶ 10, at 6. The parties agree to a 3-level reduction on Lewellen`s offense level "so long as the Defendant continues to accept responsibility for the Defendant`s criminal conduct." Plea Agreement ¶ 10, at 4-5. Lewellen "waives the right to appeal" his conviction "and any sentence and fine within or below the applicable advisory guideline range as determined by the Court." Plea Agreement ¶ 13, at 7. He also agrees "to waive any collateral attack" on his convictions, "except on the issue of counsel`s ineffective assistance in negotiating or entering this plea or this waiver." Plea Agreement ¶ 13, at 7. The USPO notes that "[a] downward departure, pursuant to U.S.S.G. § 5K2.20," for aberrant behavior, "may be warranted." PSR ¶ 79, at 17.**

**The United States Probation Office ("USPO") disclosed a Presentence Investigation Report ("PSR") for Lewellen on February 1, 2012. In the PSR, the USPO calculates Lewellen`s total offense level to be 15. See PSR ¶ 25, at 6. The PSR applies a base offense level of 22 pursuant to U.S.S.G. § 2D1.1(c)(9) based on Lewellen having "at least 300 grams but less than 400 grams of cocaine." PSR ¶ 18, at 6. The PSR includes a 2-level downward adjustment under U.S.S.G. § 2D1.1(b)(16) for a safety-valve reduction. See PSR ¶ 19, at 6. The PSR includes a 2-level downward adjustment under U.S.S.G. § 3B1.2 based on the minor role Lewellen played in the underlying criminal activity. See PSR ¶ 21, at 6. The PSR includes a 3-level reduction under U.S.S.G. § 3E1.1 based on Lewellen`s acceptance of responsibility. See PSR ¶ 24, at 6. The PSR lists his criminal history category as I, based on 0 criminal history points. See PSR ¶ 28, at 7. The PSR calculates that an offense level of 15 and a criminal history category of I results in a guideline imprisonment range of 18 to 24 months. See PSR ¶ 61, at 14. The USPO relates that a departure may be warranted under U.S.S.G. § 5K2.20. See PSR ¶ 79, at 17. The USPO asserts that a departure may be warranted under this guideline, because another individual arranged the trip for Lewellen, Lewellen appears to have never transported drugs before this incident, and Lewellen otherwise appears to have "lived a law-abiding lifestyle." PSR ¶ 79, at 17. There being no disputes about the PSR`s factual findings, the Court adopts them as its own.**

**Lewellen asks the Court for a sentence of probation or time served. Plaintiff United States of America originally asserted that it would leave it to the Court`s discretion whether to vary downward on Lewellen`s offense level, but represented at the April 25, 2012 sentencing hearing that it would agree to a sentence of time served. At the sentencing hearing, the parties agreed to the Court reducing Lewellen`s offense level 3-levels pursuant to U.S.S.G. § 3E1.1. The parties also agreed to the Court departing downward 2 levels on Lewellen`s offense level under U.S.S.G. § 5K2.20. Following a downward departure of 2 levels, Lewellen has an offense level of 13. An offense level of 13 and a criminal history category of I yields a guideline imprisonment range of 12 to 18 months. There being no disputes about the PSR`s guideline calculation, the Court will adopt that calculation as its own except to add a 2-level downward departure under U.S.S.G. § 5K2.20.**

**The Court has carefully considered the parties` arguments and the circumstances of this case. The Court has considered the guideline range for the applicable category of offense committed by the applicable category of defendant. The Court believes that the punishment that the guidelines set forth is not appropriate for Lewellen`s offense. The Court agrees with the parties that a sentence of 339-days imprisonment or time served, whichever is less, is sufficient to reflect the seriousness of this offense. The evidence indicates that this offense was Lewellen`s first experience with drug trafficking. He also has some significant mental problems, particularly severe depression. He has no criminal history. He was engaged in a relatively non-sophisticated drug trafficking crime. He has already served over 11-months imprisonment. While the Court does not minimize the gravity of his offense, the Court believes that additional incarceration would not properly reflect the factors in 18 U.S.C. § 3553(a). The value of additional incarceration is limited given that Lewellen appears to be a good candidate for rehabilitation.**

**Other conditions that the Court will require as part of supervised release will also provide Lewellen with some needed education, training, and care to prevent these problems from reoccurring. This sentence adequately reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public, avoids unwarranted sentencing disparities among similarly situated defendants, and otherwise fully reflects each of the factors embodied in 18 U.S.C.**

§ 3553(a). While the offense is not a minor one, it is less substantial than many drug offenses that the Court sees. The United States Department of Justice stated in 2002 that "[m]ost powder cocaine offenses involve between 500 grams and 150 kilograms of cocaine." U.S. Dep`t of Justice, Federal Cocaine Offenses: An Analysis of Crack and Powder Penalties 19 (2002), available at http://www.usdoj.gov/olp/pdf/crack_powder2002.pdf. Additionally, the level of complexity and sophistication of the underlying criminal activity makes the offense less serious -- as opposed to more sophisticated drug operations. Lewellen now has a felony conviction and has served close to the entirety of a guideline sentence. He has, however, no criminal history. Thus, the Court believes the sentence promotes respect for the law and provides just punishment. Lewellen`s lack of criminal history and the indications that he has little propensity to recidivate makes the Court believe that the sentence protects the public. Given that Lewellen has served almost the entire amount of a guideline sentence, his lack of criminal history, and his significant mental problems, the Court does not believe the sentence promotes unwarranted sentencing disparities among similarly situated defendants. While the Court`s task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court`s job is not to impose a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2)." (citation omitted)) -- the Court believes this sentence is reasonable. And perhaps most important in this calculation, the Court believes that this sentence is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987 (codified as amended in scattered sections of 18 U.S.C.). The Court sentences Lewellen to 339-days imprisonment or time served, whichever is less.

☐   The court makes the following recommendations to the Bureau of Prisons:


☒   The defendant is remanded to the custody of the United States Marshal.
☐   The defendant shall surrender to the United States Marshal for this district:
  ☐   at  on
  ☐   as notified by the United States Marshal.
☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐   before 2 p.m. on
  ☐   as notified by the United States Marshal
  ☐   as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:



Defendant delivered on _____ to
_____ at _____ with a Certified copy of this judgment.


UNITED STATES MARSHAL

By

DEPUTY UNITED STATES MARSHAL

Defendant: **Ira Lewis Lewellen**
Case Number:  **1:11CR01524-001JB**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **2 years** .

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state, or local crime.
The defendant shall not unlawfully possess a controlled substance.
The defendant shall refrain from any unlawful use of a controlled substance.
The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable).
- ☒ The defendant shall cooperate in the collection of DNA as directed by statute. (Check, if applicable).
- ☐ The defendant shall register with the state, local, tribal and/or other appropriate sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Criminal Monetary Penalties sheet of this judgment.
The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

Defendant: **Ira Lewis Lewellen**
Case Number: **1:11CR01524-001JB**

## SPECIAL CONDITIONS OF SUPERVISION

**The defendant must submit to a search of his person, property, or automobile under his control to be conducted in a reasonable manner and at a reasonable time, for the purpose of detecting illegal contraband at the direction of the probation officer. He must inform any residents that the premises may be subject to a search.**

**The defendant must participate in and successfully complete an outpatient substance abuse treatment program, approved by the probation officer, which may include testing. The defendant is prohibited from obstructing or attempting to obstruct or tamper, in any fashion, with the collection, efficiency and accuracy of any substance abuse testing device or procedure. The defendant may be required to pay a portion of the cost of treatment and/or drug testing as determined by the Probation Office.**

**The defendant must participate in and successfully complete an outpatient mental health treatment program approved by the probation officer. The defendant may be required to pay a portion of the cost of this treatment as determined by the Probation Officer.**

Defendant: **Ira Lewis Lewellen**
Case Number: **1:11CR01524-001JB**

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties in accordance with the schedule of payments.

☒      The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| | **$waived** | **$0.00** | **$0.00** |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A ☐ In full immediately; or

B ☐ $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.